MORGAN LAKE COMPANY, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Second Department, September 29, 1930.

*I. R. Oeland* [*Charles M. Sheafe, Jr.*, with him on the brief], for the appellant.

*Elijah T. Russell*, for the respondent.

PER CURIAM. We are of the opinion that the referee correctly decided that the covenants in the deeds upon which the action is based ran with the land and are enforcible against the defendant. We also agree that the defendant did not acquire prescriptive right to discharge soot and ashes on plaintiff's property.

The judgment, however, must be reversed because the referee adopted an erroneous measure of damages in fixing the amount due plaintiff. He allowed plaintiff as his loss sixty-five cents per ton for all the ice stored in the icehouse during twenty years next preceding the commencement of the action excluding the year 1919, when there was no ice harvested. It appears from the record that plaintiff was able, upon the trial, from books in its possession, to determine just how much ice it sold during the period mentioned and the actual prices obtained therefor. Plaintiff, however, did not prove its actual damages by showing the difference between the value of the ice it sold, if the same was good ice, and the actual amount received for the ice as sold. This would represent the actual loss sustained by plaintiff and it can recover no more. The referee calculated plaintiff's damage by estimating the amount of ice stored in the icehouse during the period mentioned and placing a value upon that ice, and then found that, if the ice so stored had been good, clear ice, it would have been worth more and the difference he estimated at sixty-five cents per ton, and the amount awarded to plaintiff was reached by multiplying the amount of ice stored in the icehouse by this sixty-five cents per ton. It is apparent, therefore, that the judgment as rendered gave plaintiff

damages for all the ice stored in the icehouse without regard to the money actually received by the plaintiff for the sale of the ice. This, manifestly, is wrong, for plaintiff can only recover its actual loss.

The judgment should, therefore, be reversed upon the law and the facts and a new trial granted, costs to abide the event.

LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and SCUDDER, JJ., concur.

Judgment reversed upon the law and the facts and new trial granted, costs to abide the event.